UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ELIAS,

    Plaintiff,

v.

                          Case No. 24-12251
                          Honorable Linda V. Parker

EDGE PHARMA, LLC, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND ALTERNATE SERVICE

This matter is before the Court on Patricia Elias' ex parte motion for default judgment and, in the alternative, alternate service pursuant to Federal Rule of Civil Procedure 4(h)(i).  (ECF No. 14.)  For the reasons set forth below, Plaintiff's motion is **DENIED**, however, Plaintiff is **GRANTED** thirty (30) days to perfect service on Edge Pharma, LLC, as set forth below.  The Clerk is instructed to issue a new summons for this purpose.

I.    BACKGROUND

On August 30, 2024, service of process was attempted at Edge Pharma's business address, 37 Greenman Ave, New York Mills, NY 13417.  The return of service states the process server "was unable to locate the address. No such business at this address."  (*Id.*)  A second proof of service was filed which states

that Edge Pharma, LLC, c/o William Chatoff was served by posting the relevant documents to the door of 89 Rocky Mountain Lane, Hinesburg, VT 05461 on December 6, 2024, and that documents were mailed to William Chatoff by first-class mail on December 9, 2024.  (ECF No. 7, PageID.64.)

A proof of service was also filed as to William Chatoff.  This document states that on December 4, 2024, service of process was made at 89 Rocky Mountain Lane, Hinesburg, VT 05461 by leaving a copy of the summons and complaint with a person of suitable age and discretion who resides there in addition to mailing a copy to Chatoff's last known address.  (ECF No. 14, PageID.83.)  The Clerk entered a default as to Chatoff on January 28, 2025, but denied the entry of default as to Edge Pharma due to failure to comply with L.R. 55.1.  As of the date of this order, neither Defendant has appeared in this action.

## II.     ANALYSIS

Having reviewed the motion, the Court finds that Plaintiff has not demonstrated that service cannot be made through the applicable rules.  Service of process on an LLC like Edge Pharma may be accomplished by several means, including "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(h)(1).  Under Michigan law, a limited liability company may be served by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H).

> Under Michigan law, an individual may be served by:
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A)(2).

Here, Plaintiff has not attempted to serve Edge Pharma by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to William Chatoff, who is presumably the managing member of the LLC.  Should Plaintiff be unable to complete service pursuant to the applicable rules, she may renew her motion for alternate service within thirty (30) days of this opinion and order.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment or alternative service is **DENIED WITHOUT PREJUDICE** and Plaintiff is instructed to serve

Edge Pharma pursuant to Mich. Ct. R. 2.105(H) within thirty (30) days of this opinion and order by mailing copies of the summons and complaint via certified mail, return receipt requested, to William Chatoff.

**IT IS FURTHER ORDERED** that a return of service including a copy of the return receipt shall be filed within thirty (30) days of this opinion and order.

**IT IS FURTHER ORDERED** that a copy of this Opinion and Order shall be served with the summons and complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office is directed to issue a new summons for this purpose. The summons shall expire thirty (30) days from the date of this Opinion and Order.

**IT IS FURTHER ORDERED** that should service be unable to be effectuated according to the applicable rules, Plaintiff may renew her motion for alternate service within thirty (30) days of the date of this Opinion and Order.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 13, 2025