UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA ELIAS,

        Plaintiff,                     Case Number: 24-cv-12251
                                            Honorable Linda V. Parker

v.

EDGE PHARMA, LLC, et al.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE (ECF No. 18)

This matter is before the Court on Plaintiff's renewed motion for alternative service. (ECF No. 18.) Having reviewed the motion and being fully advised in the premises, the Court finds that Plaintiff has shown that she is unable to serve Edge Pharma, LLC ("Edge Pharma") pursuant to the applicable rules, despite her diligent efforts. Consequently, for the reasons discussed below, the Court **GRANTS** Plaintiff's motion for alternative service (ECF No. 18).

Service of process on an LLC like Edge Pharma may be accomplished by several means, including "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is

located or where service is made." Fed. R. Civ. P. 4(h)(1).  Under Michigan law, a limited liability company may be served by:

> (1) serving a summons and a copy of the complaint on the managing member, the non-member manager, or the resident agent;
>
> (2) serving a summons and a copy of the complaint on a member or other person in charge of an office or business establishment of the limited liability company and sending a summons and a copy of the complaint by registered mail, addressed to the registered office of the limited liability company.

Mich. Ct. R. 2.105(H).

> Under Michigan law, an individual may be served by:
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A)(2).

If a party shows that "service of process cannot reasonably be made as provided" by the Michigan Court Rules, the Court may permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1).

The Court finds that Plaintiff has made diligent efforts to serve Edge Pharma under the applicable rules.  Most recently, Plaintiff mailed copies of the relevant documents via U.S. Certified mail, return receipt requested, to the last known address of Edge Pharma's only known current officer, William Chatoff on three

separate occasions. (ECF No. 18, PageID.95.) Plaintiff's three attempts were unsuccessful as no authorized recipient was available. (*Id.* at PageID.102-108.) Plaintiff has also attempted to serve Edge Pharma at its registered address, which was found not to exist. (*Id.* at PageID.98.) Finally, on December 10, 2024, after multiple attempts at personal service, a copy of the summons and complaint were left with a person of suitable age and discretion at Chatoff's last known address, 89 Rocky Mountain Lane, Hinesburg, Chittenden County, Vermont, 05461. (*Id.* at PageID.101.)

The Court also finds that Plaintiff's proposed method of service is reasonably calculated to achieve actual notice, that being first-class mail and tacking to the door of 89 Rocky Mountain Lane. This is particularly true given the fact that adequate service of the relevant case documents has been made on Chatoff. (ECF No. 14, PageID.83.)

Accordingly, **IT IS ORDERED** that Plaintiff's renewed motion for alternative service (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may serve Edge Pharma by delivering a copy of the summons and complaint via first-class mail to William Chatoff at 89 Rocky Mountain Lane, Hinesburg, Chittenden County, Vermont, 05461 and tacking or affixing, by a process server, of the summons, complaint, and

this order at 89 Rocky Mountain Lane, Hinesburg, Chittenden County, Vermont, 05461.

**IT IS FURTHER ORDERED** that a copy of this Opinion and Order shall be served with the summons and complaint.

**IT IS FURTHER ORDERED** that service must be effectuated on Edge Pharma by May 28, 2025.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 2, 2025